IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.   Case Nos.:   4:15cr29/RH/CAS
                   4:17cv385/RH/CAS

ROBERT E. YOUMAN,
    Reg. No. 23401-017,
    Defendant.

___

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Robert E. Youman's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and supporting memorandum of law. (ECF Nos. 69.) The Government has filed a response (ECF No. 74) and Youman filed a reply. (ECF No. 75.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). The court recommends that the § 2255 motion be denied without an evidentiary hearing. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## I. BACKGROUND

On June 6, 2016, a jury found Defendant Robert E. Youman guilty as charged of a single count of possession with intent to distribute alpha-pyrrolidinopentiophenone ("alpha-PVP"). (ECF Nos. 12, 54.)

The charges stemmed from Youman's acceptance of a controlled delivery of a parcel law enforcement had previously determined to contain several kilograms of "Alpha-PVP." Law enforcement secured a warrant for Youman's residence and during a subsequent search recovered, from a single room, Youman's State of Florida identification, a box containing drugs and drug paraphernalia and a credit card in Youman's name, and a loaded .25 caliber semi-automatic pistol. (ECF No. 60, PSR ¶¶ 5-11.)

Youman's base offense level was 30. (ECF No. 60, PSR ¶ 18.) The probation officer added a two-level adjustment due to the presence of the firearm in his room. (PSR ¶¶ 19, 81-82.). His total offense level was 32. With a criminal history category of III, the applicable advisory guidelines range was 151 to 188 months, below the statutory maximum of 20 years. (ECF No. 60, PSR ¶¶ 34, 57-58.)

At sentencing, defense counsel argued that the firearm enhancement was inappropriate in this case. (ECF No. 68 at 4-6.) The court was not

Case Nos.: 4:15cr29/RH/CAS; 4:17cv385/RH/CAS

persuaded that it was "clearly improbable that there was a connection between the gun and the drugs, and it overruled the objection. (ECF No. 68 at 7-8.)[1] It sentenced Youman to a term of 60 months of imprisonment, well below the applicable advisory guidelines range. (ECF Nos. 65, 66; ECF No. 68 at 26-30.) At sentencing the court indicated its intent to include in the judgment a recommendation that Youman participate in the residential drug abuse program ("RDAP") in the Bureau of Prisons, which it did. (ECF No. 65 at 3; ECF No. 68 at 32.) Neither Youman nor the Government appealed, and Youman timely filed the instant § 2255 motion in August of 2017.

## II.  ANALYSIS

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct

---

[1] Youman's stepfather, Ralph Bell, addressed the court in Youman's behalf as a character witness at sentencing. Mr. Bell stated, albeit not under oath, that the gun belonged to Mr. Bell, and Bell had put it there for protection. (ECF No. 68 at 13-14.) The court inquired about the gun having been found in Youman's bedroom. Mr. Bell stated that Youman "hardly ever slept there" and asserted that the room from which the drugs and drug paraphernalia, the gun, and Youman's identification had been recovered, was "just a storage room." (*Id.* at 14.) Bell also stated "I was in the house, when I'm sleeping in the house, I always have something, so if I wake up and somebody in my house, and I protect my family. I put that gun there." (*Id.* at 13.)

Case Nos.: 4:15cr29/RH/CAS; 4:17cv385/RH/CAS

appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Youman's challenge to his sentence does not entitle him to § 2255 relief.

Youman contends that his due process rights were violated because he did not receive "the bargain promised by the Government." (ECF No. 69 at 4, 14.) Youman asserts that both his attorney and the Government informed him that he would be eligible to participate in the BOP's Residential Drug Abuse Program. He complains that he has not been able to participate in and benefit from the RDAP because the BOP considers his possession of the firearm to be a violent crime, despite the fact that, he claims, the firearm was "legally possessed and never involved in any illegal drug sales." (ECF No. 69 at 4, 14.) Youman asks that the court:

> amend the Presentence Investigation Report to excise the reference to the firearm, or direct the Government to apply one of the exceptions available to the Bureau under the RDAP

> policy, and award the one year sentence reduction to Mr. Youman upon successful completion of the program (RDAP). Alternatively, this court should exercise its discretion to reduce Mr. Youman's sentence by 12 months, thereby effectuating all the participant's iriginal (sic) expectations.

(ECF No. 69 at 14.)   Youman advises that despite being ineligible to benefit from the RDAP, he has enrolled and is making progress towards completion.   (*Id.*)

Youman claims that he "surrendered rights" as a result of his expectation about the RDAP credit.   In his reply,[2] he asserts that the BOP's subsequent decision that he was ineligible for the sentence reduction incentive affected "the voluntariness of his sentencing strategy and his decision not to appeal."   (ECF No. 75 at 1.)[3]   Because he did not know he would be denied RDAP credit, he did not appeal or mount an additional challenge at sentencing.   Youman's claim does not withstand scrutiny.

---

[2] Youman indicates his reply was prepared with the assistance of Frank L. Amodeo. (ECF No. 75 at 4.)   BOP records indicate there is a Frank T. Amodeo who, like Youman, is in custody at Coleman Low.

[3] Youman conceded in his reply that the BOP has unfettered discretion to determine who receives the sentence reduction, and he clarifies that he is not challenging the execution of his sentence, (which would be appropriately raised pursuant to 28 U.S.C. § 2241), but the fact that his sentence included the enhancement in the first instance. (ECF No. 75 at 1-2.)

Case Nos.: 4:15cr29/RH/CAS; 4:17cv385/RH/CAS

Youman asserts it is "undisputed" that he did not possess the weapon (ECF No. 75 at 2), an assertion squarely contradicted by the court's contrary finding at sentencing.  As noted above, counsel challenged the application of the two-point enhancement, albeit unsuccessfully.  Youman's step-father's unsworn statements to the court that the stepfather had put the gun in what he described as a "storage room" for protection if he woke up and someone was in the house, not surprisingly, did not prompt the court to reconsider the two- level enhancement.[4]

Youman also claims in his reply that "the parties had agreed upon a sentence of 60 months and upon an RDAP recommendation."  (ECF No. 75 at 2.)  This is false.  Parties in federal court do not negotiate or "agree on" specific sentences.  Furthermore, Youman's assertion about a prior agreement between the parties is contradicted by the court's statement at sentencing that it had come into the courtroom "expecting to sentence Mr. Youman to 151 months, the low end of the guideline range."  (ECF No. 68

---

[4] The court notes the Government's representation at sentencing that Agent Laird testified that Youman's mother had identified this same room as Youman's room.  (ECF No. 68 at 15.)  The undersigned cannot comment on the weight of the evidence regarding the gun, because the trial testimony was not transcribed.  However, Youman does not suggest what additional evidence or proof regarding the ownership of the firearm could have been presented.

Case Nos.: 4:15cr29/RH/CAS; 4:17cv385/RH/CAS

at 27.)   Finally, the record does not suggest that the court's RDAP recommendation was prompted by either party or an "agreement" between them.   (*Id.* at 32.)

Youman's suggestion that if "his attorney, the Government, or the court had informed him that 2 point enhancement foreclosed the RDAP benefit, then he would not have . . . left the Presentence Investigation Report unappealed."   (ECF No. 75 at 3.)    This assertion too strains credulity.   If Youman had appealed, the Government could have cross-appealed, and he potentially could have ended up with the 151 to 188-month guidelines sentence he originally faced.

The sentence Youman received was much less than what he would have served if he had been sentenced within the guidelines calculated without the two-level firearm enhancement.   Without this enhancement the applicable guidelines range would have been 121 to 151 months.   If Youman had successfully completed the RDAP, his sentence could have been reduced by twelve months.   Therefore, even if he had received a sentence at the bottom of the revised guidelines, followed by credit for the RDAP, his sentence would have far exceeded the 60 month sentence he received.

Case Nos.: 4:15cr29/RH/CAS; 4:17cv385/RH/CAS

There is nothing in the district court's comments at sentencing that would suggest it intended or expected Youman's ultimate sentence to be less than the 60-month sentence it imposed.  The court merely incorporated the RDAP recommendation into the judgment.  Youman may not have received the sentencing incentive he hoped for to further reduce his sentence.  However, Youman was not precluded from participating in and otherwise benefitting from the program, and if he has worked the RDAP as he suggests, he will be better off upon his release from having been able to participate.

### III.  CONCLUSION

An evidentiary hearing is not necessary to resolve Youman's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief."  See 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877.  There is no legal basis to amend the PSR to delete the reference to the firearm, or for a reduction in Youman's sentence.  For the foregoing reasons, Youman's motion should be denied in its entirety.

IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 4:15cr29/RH/CAS; 4:17cv385/RH/CAS

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 69) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 9th day of October, 2019.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.