**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v.                                            CASES NO. 4:15cr29-RH-CAS
                                                        4:17cv385-RH-CAS

ROBERT E. YOUMAN,

       Defendant.

_____/


**ORDER DENYING THE § 2255 MOTION AND
DENYING A CERTIFICATE OF APPEALABILITY**


The defendant Robert E. Youman is serving a sentence in the Bureau of

Prisons. He has moved for relief under 28 U.S.C. § 2255. His principal complaint

is that the Bureau has determined not to give him credit on his sentence based on

successful completion of the residential drug abuse program or "RDAP." The

motion is before the court on the magistrate judge's report and recommendation,

ECF No. 77. No objections have been filed. This order accepts the report and

recommendation and denies the § 2255 motion.

A jury convicted Mr. Youman of a drug offense. In calculating the guideline

range under the United States Sentencing Guidelines, the presentence report

assessed a two-level increase for possessing a firearm in connection with the

offense. Mr. Youman objected. The objection was overruled. An explicit finding was made on the record of the sentencing hearing that Mr. Youman possessed a firearm in connection with the offense.

Mr. Youman received a sentence well below the guideline range. Not surprisingly, he did not appeal. The jury returned its verdict based on sufficient evidence after a full and fair trial, there were no procedural rulings that would have supported an appeal, and the sentence was favorable to Mr. Youman—as favorable as he could reasonably have advocated.

The sentence included a recommendation to the Bureau of Prisons that Mr. Youman participate in RDAP. This was not unusual. I routinely recommend RDAP placement for defendants who could benefit from the program. I do this on my own, often without a request, and always without regard to whether a defendant will qualify for a sentence reduction for successfully completing the program. The point is for the defendant to benefit from the program—not to get a sentence reduction.

To be sure, the Bureau may reduce a defendant's time in custody by up to 12 months upon successful completion of RDAP, but only if the defendant has been convicted of a "nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). The Bureau treats possession of a firearm as inconsistent with the requirement that the offense be

"nonviolent." Apparently on this basis, the Bureau has refused to give Mr. Youman a reduction.

Mr. Youman apparently does not challenge the Bureau's policy and in any event could do so only through a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district of incarceration, not through the instant § 2255 motion in the district of conviction.

Mr. Youman instead seeks relief under § 2255 based on two contentions: first, that he did not possess a firearm in connection with the offense of conviction; and second, that he was promised a sentence reduction, including by the government, and chose not to appeal his sentence in reliance on the promise.

Neither contention entitles Mr. Youman to relief.

First, at the sentencing hearing, Mr. Youman litigated and lost the question of whether he possessed a firearm in connection with the offense of conviction. He has proffered nothing new. He is not entitled to relitigate the question on this § 2255 motion.

Second, Mr. Youman's contention that he was promised an RDAP sentence reduction and otherwise would have appealed is implausible on its face. The issue of an RDAP sentence reduction was never mentioned at the sentencing hearing. The government had secured Mr. Youman's conviction in a jury trial and had no occasion to promise him anything with regard to sentencing. Neither the court nor

the parties had any authority to bind the Bureau of Prisons on the issue of credit—
and had the issue been raised, I would have noted both that this was an issue for
the Bureau and that the firearm enhancement might preclude credit. Moreover, I
have never heard of the government making any such agreement in this district,
even in connection with a guilty plea. And Mr. Youman has identified no
substantial issue he could have raised on appeal, even now. This is an after-the-fact
hail-Mary with no plausible factual support.

A defendant may appeal the denial of a § 2255 motion only if the district
court or court of appeals issues a certificate of appealability. Under 28 U.S.C.
§ 2253(c)(2), a certificate of appealability may issue "only if the applicant has
made a substantial showing of the denial of a constitutional right." *See Miller-El v.
Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84
(2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v.
Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a
§ 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that
> reasonable jurists could debate whether (or, for that matter, agree
> that) the petition should have been resolved in a different manner
> or that the issues presented were "adequate to deserve
> encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Youman has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The report and recommendation, ECF No. 77, is accepted.

2. The motion for relief under 28 U.S.C. § 2255, ECF No. 69, is denied.

2. The clerk must enter judgment.

3. A certificate of appealability is denied.

SO ORDERED on November 18, 2019.

s/Robert L. Hinkle
United States District Judge